■ LAURENCE A. LEVINE, Respondent, v GRAPHIC SCANNING CORP. et al., Defendants, and BANK OF NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Okin, J.), entered July 16, 1981, which denied the motion of defendant the Bank of New York and defendant Jaffe and Asher to dismiss the amended verified complaint dated February 12, 1981, is modified, on the law, to the extent of dismissing the complaint against defendant Jaffe & Asher and the second and third causes of action against defendant the Bank of New York and otherwise affirmed, without costs. This is an action to compel defendants to transfer 3,443 shares of restricted stock in Graphic Scanning in accordance with plaintiff's instructions and to recover damages arising out of their refusal to grant permission for such transfer. Defendant Jaffe and Asher, a partnership engaged in the practice of law, in its limited capacity as special litigation counsel, wrote to plaintiff's counsel giving its opinion that the shares in question, being the subject of a pending lawsuit, should remain restricted until such time as the litigation was completed. However, absent fraud or other special circumstances, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client. (*D. & C. Textile Corp. v Rudin,* 41 Misc 2d 916.) As for defendant the Bank of New York, no facts have been alleged that would in any way support a claim for damages since its only connection to the instant action

is in its capacity as transfer agent. Concur — Sullivan, J. P., Ross, Carro, Lupiano and Milonas, JJ.