Matter of J.E.P. v People (2005 NY Slip Op 51397(U))

[*1]

Matter of J.E.P. v People

2005 NY Slip Op 51397(U) [9 Misc 3d 1104(A)]

Decided on August 25, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 25, 2005

Family Court, Nassau County
In the Matter of a Proceeding Under J.E.P., Petitioner-Defendant,
against
The People of the State of New York, Respondent.
DXXXX

Richard Lawrence, J.
This is a motion by J.E.P., who denominates himself "Petitioner-Defendant" for a "Notice of Motion to Vacate Judgment Pursuant to CPL 440.10(1)(h)[sic]." Petitioner has submitted this application pro se and requests in his supporting affidavit that since he is appearing pro se and since he is "a layman in matters of the law," that "I respectfully seek this Courts [sic] indulgence in reference to any errors or defects of procedure of Law [sic] that may be contained herein." This Court will take that into account and therefore disregard the fact that the caption is incorrect, that the Respondents [sic] denominated "People of the State of New York" are incorrect and other minor technical deficiencies in the papers submitted.
According to Petitioner's affidavit in support, at the age of 15, he was "convicted" of a burglary of a local high school. He
states that the incident occurred on or about October 27, 1968, and that he was arrested the following day. He alleges that he was never informed of his Miranda rights [Miranda v Arizona, 384 US 436 (1966)]; that his parents were not immediately notified of his arrest; that he gave a statement to the police in violation of his rights and without his parents being present; that he was remanded to the Nassau County Juvenile Detention Center; that on October 31, 1968 before Acting Family Court Judge Robert Sise he was "adjudi-cated a Juvenile Delinquent;" and before Family Court [*2]Judge William Dempsey on March 21, 1969 he was "sentenced to probation ... [and] was placed in the care and custody of the Hawthorne Ceder [sic] Knolls School for Emotionally Disturbed Children, for a period of Eighteen [sic] (18) months (March 21, 1969 to September 21, 1970)."
Petitioner continues that he was "held additionally" at that facility until June 1971.
Petitioner's main argument is that the Family Court improperly relied upon a preponderance of evidence standard "in arriving at the ultimate adjudication and disposition of sentence." Petitioner argues that this standard has been held unconstitutional and that the proper standard is "proof beyond a reasonable doubt."
Petitioner continues that he is currently serving a sentence of 25 years to life for murder in the second degree with a con-
current sentence of 3 and one-half to 7 years for burglary, as well as 2 five year terms of probation for another burglary.
Petitioner attaches as exhibits for "in camera review only" confidential information from his 1968 juvenile delinquency "con-
viction" and states that the New York State Division of Parole has utilized that information in its decision denying him parole. Accordingly, Petitioner moves this Court to "vacate, dismiss and expunge" all references to his juvenile delinquency matter.
The Nassau County Attorney's Office opposes Petitioner's motion, stressing that this matter dates from 1968, that Petitioner has had ample time to proceed with his appellate remedies regarding the juvenile delinquency matter, that he has failed to preserve his rights and that his application in any event is incomplete.
Criminal Procedure Law §440.10(1)(h) allows a defendant to vacate a judgment of conviction upon the grounds that "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States."
Petitioner's argument is not clear as to whether he is alleging that the incorrect standard was used by the Family Court judge at the time of fact-finding or at the time of disposition. A close reading of the application appears, at least to this Court, to [*3]address the disposition.
Regarding disposition, the standard is set forth in Family Court Act §350.3(2) which states that "[a]n adjudication at the conclusion of a dispositional hearing must be based on a pre-ponderance of the evidence." This current section of the law is identical to the prior statute, Family Court Act §745, effective 1962 and which was in effect in 1969.
This statute has been held constitutional In the Matter of Julies R. 250 AD2d 855 (2d Dept 1998); In the Matter of Amanda "RR," 230 AD2d 451 (3d Dept 1997); In re Devon AA., 7 AD3 845 (3d Dept 2004); and In the Matter of Tristan W. 258 AD2d 585 (2d Dept 1999). As stated in Besharov's Practice Commentaries to McKinney's Consolidated Laws of New York:
The dispositional hearing's purpose is to
determine and meet the needs of the respondent.
Since the fact that he committed a crime has
already been established, the more rigorous
evidentiary and burden of proof standards which
must be applied at the fact finding stage are
relaxed. (See section 342.2) The court (and
counsel) should conduct a far-ranging inquiry
without the hindrance of technical evidentiary
rules and without the necessity of surmounting
a heavy burden of proof requirement.
Petitioner's addition argument may be that the standard "beyond a reasonable doubt" applies to the fact-finding hearing, and that this standard was not applied to his juvenile delinquency matter in 1968. The current statute, set forth in Family Court Act §342.2, states:
Any determination at the conclusion of a
fact-finding hearing that a respondent com-
mitted an act or acts which if committed by
an adult would be a crime must be based on
proof beyond a reasonable doubt.
This section is substantially identical to the former statute, FCA §744, which became effective May 25, 1976. The statute in effect prior to that date used a "preponderance of the [*4]evidence" standard.
The evolution and history of the standard applicable to the fact-finding hearing is as follows: the seminal case is In Re Winship, 397 US 358 (1970) in which the United States Supreme Court reversed the New York State Court of Appeals, and held that in a juvenile delinquency matter, the standard of proof is "beyond a
reasonable doubt." Winship was decided on March 31, 1970, although the New York statute was not formally amended (as set forth above) until May 25, 1976, in order to conform to Winship. Nevertheless, immediately upon Winship being decided, the trial courts of this state, in effect, ignored the still existing "preponderance of the evidence" standard in the statute, and applied the "beyond a reasonable doubt" standard as enunciated in Winship. See, for example, In the Matter of Michael E., 68 Misc 2d 487 (Family Court of New York, Suffolk County, 1971); and In the Matter of Arthur M., 34 AD2d 761 (1st Dept May 12, 1970).
The question then arose as to whether Winship was to be applied retroactively or not. This question was answered in the case of Ivan V. v City of New York, 407 US 203, decided June 12, 1972, in which the United States Supreme Court held that Winship was to be applied retroactively. However, the retroactivity was not applicable in two lines of cases.
First, if a case was still in the appellate process at the time Winship was decided, then the retroactivity is applicable. In the Matter of Keith C., 36 AD2d 712 (1st Dept 1971); In the Matter of Louis H., 36 AD2d 912 (1st Dept 1971); and People v Rubin S., 87 Misc 2d 951, 958 (Supreme Court of New York, Criminal Term, Queens
County, 1976). The first two cited cases are juvenile delinquency matter, and the third is a youthful offender case. Conversely, and in view of this case law, if a matter was not in the appellate process at the time Winship was decided, then there is no retroactivity in accordance with Winship and Ivan V. In the matter at bar, there is no allegation that it was in the appellate process at the time Winship was decided; therefore, Ivan V. is not applic-able.
The second line of cases is where the Respondent has entered [*5]an admission at the fact-finding phase of the juvenile matter. Matter of Daniel Richard D. v County of Onondaga, 27 NY2d 90; motion for stay granted 27 NY2d 817 (Sept. 24, 1970); motion for stay granted 27 NY2d 1007 (Dec. 9, 1970); and appeal dismissed before the United States Supreme Court at 403 US 926 (June 21, 1971). The New York Court of Appeals held that the Respondent's admission acted as a waiver and an abandonment of all arguments urged on appeal. Richard Daniel D. was decided on July 20, 1970 subsequent to Winship, but prior to Ivan V. In the matter at bar, there is no allegation that the fact-finding portion was not by way
of admission; therefore, this Petitioner is precluded in his attempt to apply Winship and Ivan V.
Petitioner does not state whether the fact-finding portion of his juvenile delinquency matter was on consent, or was the result of an affirmative finding. Likewise, Petitioner fails to state whether the disposition was the result of his consent or determination by the Court after a dispositional hearing. The law
is crystal clear that, with respect to virtually all of the Petitioner's allegations, if the order or orders were entered upon Respondent's consent, after admission, that he therefore waives any defects and waives virtually all his defenses. As stated In the Matter of Daniel Richard D., supra, the New York Court of Appeals, after reviewing several leading United States Supreme Court cases, held that a juvenile delinquency respondent's voluntary and intelligent admission to certain allegations of the petition, accomplished an effective waiver and abandonment of all arguments urged on appeal. See also People v Green, 75 NY2d 902 (1990), in which the Court of Appeals stated that, with respect to an admission to a crime, any technical defects are waived; the Court
stated: "A guilty plea generally represents a compromise or bargain struck after negotiation between the defendant and the People. As such, it marks the end of a criminal case, not a gateway to further litigation [citation omitted]. Exceptions to [*6]the principle have been limited [citations omitted];" and see People v Hansen, 95 NY2d 227 (2000), in which the Defendant pled guilty to burglary and related charges; the Court of Appeals held that upon his guilty plea the defendant's right to challenge evidence in the fact-finding process before the Grand Jury was waived.
Glaringly lacking in Petitioner's moving papers are copies of any transcripts whatsoever of the proceedings before the Court. The sole "proof" of the constitutional infirmities alleged, are solely the statements of the Petitioner himself. Those statements in and of themselves are not sufficient for this Court to grant the
Petitioner any of the relief he seeks. Furthermore, and absent the transcripts, order of fact-finding, order of disposition or any other documentary proof of the myriad allegations submitted by the Petitioner, this Court cannot grant any of the relief sought.
Furthermore, Petitioner nowhere addresses whether he sought any appellate relief with respect to any of the alleged
constitutional infirmities nor in fact whether a motion similar to the present one has been previously submitted to any State or Federal Court. This Court is aware of Petitioner's Paragraph 19 which states: "The grounds for relief raised upon [sic] in this Affidavit [sic] have not been determined on the merits by a prior proceeding in the Courts of this State, nor have they been raised in a proceeding in a Federal Court." The fact that Respondent states that there has been no determination "on the merits" does not, by itself, indicate to this Court whether a prior application has been made.
Likewise, although (as set forth above) the Petitioner does not address whether he sought any appellate relief with respect to the juvenile delinquency matters at the time they were determined, the time to appeal is statutory (Family Court Act §§ 1112(a) and 1113) and when a respondent misses his thirty day time frame within which to file a notice of appeal, he is precluded from any future appeal. See In the Matter of Yamoussa M., 220 AD2d 138 (1st Dept 1996), which was a juvenile delinquency matter, converted to an Article 7 (PINS) matter, in which the respondent was first placed on probation and then placed with New York State upon a finding
that he had violated probation. The Court held that his failure to timely appeal an admittedly faulty original fact-finding admission, was fatal to his application. (Family Court Act §1113 was formerly FCA §1013 and renumbered effective June 1, 1969.)
Also applicable to the case at bar is the doctrine of laches. This doctrine is applicable to juvenile delinquency matters, as well as criminal matters.
In the Matter of Tenace, 234 AD2d 722 (3d Dept 1996), the Appellate Division stated, in a juvenile delinquency matter, that a respondent, moving to vacate a juvenile delinquency adjudication 14 years after the order was entered, "offered no explanation for
his delay which was inherently prejudicial" to the Presentment Agency; therefore, the respondent's motion was denied. In the case at bar, Petitioner moves, in effect, for the same relief, 37 years after having been adjudicated a juvenile delinquent. This Court finds that this respondent has offered no reason whatsoever for his delay in seeking the relief he new seeks. In fact, it is quite evident that the only reason he is now seeking this relief is that he may be eligible for parole if his juvenile delinquency records
can be "vacate[d], dismiss[ed] and expunge[d]." See also People v Bell, et al., 179 Misc 2d 410 (Supreme Court of New York, New York County, 1998), in which the Court ruled that laches is applicable to a criminal matter; and In the Matter of Christian A., 262 AD2d 650 (2d Dept 1999), a neglect matter in which the Court held that a parent who appealed from a disposition, nine years thereafter, caused a delay which was unreasonable and inexcusable and warranted application of the doctrine of laches.
The doctrine of laches is well-established in our law. In order to establish laches, it must be shown that: 1) the conduct of the party gives rise to the situation complained of; 2) the movant had opportunity to previously assert his claim for relief, but
delayed in doing so; 3) the Presentment Agency lacked the knowledge or was on no notice that the movant was asserting his present claim for relief; and 4) to grant the relief requested would cause injury or prejudice to the Presentment Agency. All four elements must be present in order to properly invoke the doctrine of laches. Cohen v Krantz, 227 AD2d 581 (2d Dept 1996); and see, generally, West's NY Digest 4th §364. In the matter at [*7]bar, this Court finds that all four necessary elements have been fulfilled, and accordingly this
Court invokes the doctrine of laches: 1) the conduct of the Petitioner has given rise to the current situation and is one of omission rather than commission: namely, he has let 37 years pass before applying for the instant relief; 2) the Petitioner has delayed his present claim for relief, despite an opportunity to do so: there is nothing in the moving papers to indicate that the Petitioner ever moved for the relief now sought, nor that he pre-viously asserted his present claims for relief, and it is self-evident that he has had the opportunity to do so; 3) there is no indication whatsoever that the Presentment Agency had any knowledge whatsoever or was put on notice that the Petitioner would now assert his current claim for relief; and 4) injury or prejudice to the Presentment Agency should Petitioner be accorded the relief he seeks: this Court finds, as a matter of law, that the injury or prejudice to the Presentment Agency would be fatal. It is virtually impossible to present, at a re-hearing of the fact-finding, witnesses from an incident 38 years ago; and in the highly unlikely event such witnesses might be available, then the fading memories of such witnesses are self-evident.
It is also important to note that, if in fact the Petitioner did not avail himself of his appellate rights in 1968 and 1969, he has failed to preserve any review, which he now seeks, 37 years after the disposition.
Accordingly, the Respondent's motion is denied in its entirety. This constitutes the Decision and Order of the Court.
Dated: Westbury, New York
 August 25, 2005