In an action, inter alia, for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), dated August 17, 2011, which denied that branch of her cross motion which was for leave to amend the complaint and granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On or about March 18, 2010, the defendant Wendell Terrace Owners Corp. (hereinafter Wendell Terrace) commenced a landlord/tenant action against the plaintiff in the Nassau County District Court (hereinafter the District Court) for nonpayment of maintenance with respect to her cooperative apartment. The plaintiff entered into a stipulation of settlement with Wendell Terrace. The plaintiff later defaulted on the stipulation by failing to make the required payments, other than one *845 payment, and by failing to “legalize” her illegal sublet by obtaining Wendell Terrace’s approval, as required by the proprietary lease. A judgment of possession and warrant of eviction were subsequently issued in favor of Wendell Terrace.
The plaintiff thereafter commenced this action by way of order to show cause seeking, inter alia, to preliminarily enjoin the defendants from evicting her from the subject apartment and asserting, in the underlying complaint, that she was entitled to a money judgment against the defendants.
In an order dated April 15, 2011, the Supreme Court denied the plaintiffs motion for a preliminary injunction. Thereafter, the defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved, inter alia, for leave to amend the complaint. In the order appealed from, the Supreme Court denied the aforementioned branch of the plaintiffs cross motion and granted the defendants’ motion. We affirm.
Any challenge by the plaintiff to the judgment of possession and warrant of eviction should have been made in the District Court or on appeal to the Appellate Term, and is not properly before this Court (see Matter of Kafka v Meadowlark Gardens Owners, Inc., 34 AD3d 676 [2006]; Nong Yaw Trakansook v 39 Wood Realty Corp., 18 AD3d 633 [2005]; Toriola v Kahen, 300 AD2d 650 [2002]). In support of their motion for summary judgment, the defendants made a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The plaintiffs claim for money damages is based on her assertion that the defendants interfered with her ability to sublease her apartment. The plaintiff claims that the defendants refused and/or failed to provide her with the proper sublease application in order to “legalize” her illegal sublet. However, this contention is belied by the evidence submitted by the defendants in support of their motion for summary judgment, which included, inter alia, the plaintiffs emails to members of the cooperative’s board of directors, in which the plaintiff acknowledged that her tenants had the proper application and stated that she would forward the application when she received it. In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
In addition, because the plaintiff failed to submit a copy of the proposed amended complaint, and she did not otherwise demonstrate, in her moving papers, that the proposed amendments had merit, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs cross motion *846 which was for leave to amend her complaint (see Kilkenny v Law Off. of Cushner & Garvey, LLP, 76 AD3d 512, 513 [2010]; Chang v First Am. Tit. Ins. Co. of N.Y., 20 AD3d 502 [2005]; Ferdinand v Crecca & Blair, 5 AD3d 538, 540 [2004]).
The plaintiffs remaining contention is without merit.
Rivera, J.E, Balkin, Chambers and Miller, JJ., concur.