■ SUZANNE PEARCE, Administratrix of the Estate of MITCH-ELL PEARCE, Deceased, Respondent, v JOINT BOARD OF DIREC-TORS OF ERIE-WYOMING COUNTY SOIL CONSERVATION DISTRICT, Also Known as ERIE-WYOMING JOINT WATERSHED BOARD, et al., Defendants, and COUNTY OF ERIE, Appellant. [62 NYS3d 240]—

Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered September 7, 2016. The order denied the motion of defendant County of Erie to dismiss a portion of the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, insofar as it alleges that defendant County of Erie was negligent in "improperly advising" defendant Joint Board of Directors of Erie-Wyoming County Soil Conservation District, also known as Erie-Wyoming Joint Watershed Board, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against, inter alia, defendants County of Erie (County) and the Joint Board of Directors of Erie-Wyoming County Soil Conservation District, also known as Erie-Wyoming Joint Watershed Board (Board), seeking damages for the death of her son as the result of a drowning accident in the vicinity of a dam on Buffalo Creek in defendant Town of West Seneca. The Board had previously planned to install signs warning that the dam area was hazardous, but the County, which provides legal services to the Board pursuant to Soil and Water Conservation Districts Law § 9 (13), advised the Board not to install warning signs. In her bill of particulars to the County, plaintiff alleged in relevant part that the County was negligent in "improperly advising" the Board not to install the signs, and that the County "was further negligent in an ultra vires appropriation of power assigned to" the Board and other entities. The County moved pursuant to CPLR 3211 (a) (7) to dismiss that part of the complaint with respect to those allegations for failure to state a cause of action, and Supreme Court denied the motion. At the outset, we note that the County has not raised any issues in its brief concerning plaintiff's "ultra vires appropriation of power" theory of liability, and we therefore deem any such issues abandoned (see Micro-Link, LLC v Town of Amherst, 73 AD3d 1426, 1427 [2010]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]).

We agree with the County, however, that the court erred in denying that part of the motion seeking to dismiss the complaint insofar as it alleges that the County was negligent in improperly advising the Board, and we therefore modify the order accordingly. "[A]bsent fraud or other special circumstances [not present here], an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client" (Levine v Graphic Scanning Corp., 87 AD2d 755, 755 [1982]; see Estate of Schneider v Finmann, 15 NY3d 306, 308-309 [2010]; Kumar v American Tr. Ins. Co., 49 AD3d 1353, 1354-1355 [2008]), and we thus conclude that the County's legal advice to the Board did not give rise to a duty to decedent (see Harder v Arthur F. McGinn, Jr., P. C., 89 AD2d 732, 733 [1982], affd for reasons stated 58 NY2d 663 [1982]). Contrary to plaintiff's contention, the County argued in support of its motion that no duty to decedent arose from its legal advice to the Board, and it is therefore not advancing that argument for the first time on appeal (see Anderson v Weinberg, 70 AD3d 1438, 1440 [2010]; Luthringer v Luthringer, 59 AD3d 1028, 1030 [2009]). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.