Landmark Ventures, Inc. v Kreisberg & Maitland, LLP (2020 NY Slip Op 00248)





Landmark Ventures, Inc. v Kreisberg & Maitland, LLP


2020 NY Slip Op 00248


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10781 655089/17

[*1] Landmark Ventures, Inc., et al., Plaintiffs-Appellants,
v
Kreisberg & Maitland, LLP, et al., Defendants-Respondents.


Kerr, LLP, New York (William B. Kerr of counsel), for appellants.
Law Offices of Gabriel Mendelberg, P.C., New York (Gabriel Mendelberg of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered June 6, 2018, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
As in Landmark Ventures, Inc. v InSightec, Ltd. (__AD3d__ [1st Dept. 2020], decided simultaneously herewith, the motion court correctly recognized that defendant Kreisberg & Maitland LLP (K & M) was not a party to the settlement agreement. The agreement defines "Party" as John Doe, LMV, LMV USA, Ralph Klein, and Zeev Klein, and only John Doe and the "remaining Parties" are bound by the non-disparagement clause of paragraph 9. Defendant Gabriel Mendelberg signed the agreement on behalf of K & M as "Attorneys for Plaintiff" on the same page and just above the signature block for plaintiffs' attorneys, who, similarly, signed as "Attorneys for LMV, LMV USA and Kleins." Plaintiffs failed to show that the rule that an agent acting on behalf of a disclosed principal is not bound absent "clear and explicit" evidence of the agent's intention to be bound (see Savoy Record Co. v Cardinal Export Corp. , 15 NY2d 1, 4 [1964] [internal quotation marks omitted]) does not apply here or that the requisite evidence of intention exists.
Contrary to plaintiffs' contention, the court's interpretation does not render the attorney signatures superfluous. Among other things, their signatures eliminate any doubt that, in executing the settlement agreement, all parties were represented by counsel, a fact that would support a finding that the agreement is valid in the event that its validity is ever challenged.
Plaintiffs also failed to adequately allege damages (see Fowler v American Lawyer Media, Inc. , 306 AD2d 113 [1st Dept 2003]).
The court correctly dismissed the claim for misappropriation of trade secrets. Plaintiffs cite no authority to support their contention that bank records and checks such as those at issue here constitute trade secrets, which are defined as "any formula, pattern, device or compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over competitors who do not know or use it" (Ashland Mgt. v Janien , 82 NY2d 395, 407 [1993] [internal quotation marks omitted]). They cite Leo Silfen, Inc. v Cream (29 NY2d 387, 393 [1972]) for the proposition that customer lists may be protected as trade secrets if the customers' patronage was "secured by years of effort and advertising effected by the expenditure of substantial time and money." However, they do not allege that their clients fall into this category, rather than being "readily ascertainable outside the . . . business as prospective users or consumers of the [business's] services or products" (29 NY2d at 392).
Plaintiffs failed to explain how the disclosure of customers' identity or the dates and amounts of certain payments for unspecified services at unspecified rates could constitute information exploited by their competitors, even assuming the competitors located this information in the 13 days during which they had access to it.
Plaintiffs' argument that the lines between defendant Law Offices of Gabriel Mendelberg P.C. and K & M are blurry is reasonable, but the court's omission of alter ego claims from its [*2]analysis does not warrant reversal, given the absence of an enforceable contract between plaintiffs and K & M (and, a fortiori, between plaintiffs and the remaining defendants) and plaintiffs' failure to adequately allege that trade secrets were compromised.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK