CIP GP 2018, LLC v Koplewicz (2021 NY Slip Op 03370)





CIP GP 2018, LLC v Koplewicz


2021 NY Slip Op 03370


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 650696/20 Appeal No. 13929 Case No. 2020-03727 

[*1]CIP GP 2018, LLC, a Delaware Limited Liability Company, Doing Business as Crimson Investment Partners, Plaintiff-Appellant-Respondent,
v
Josh Koplewicz, et al., Defendants-Respondents-Appellants, QC CLB I, LLC, et al., Defendants.


Spiro Harrison, Short Hills (David B. Harrison of counsel), for appellant-respondent.
Gibson, Dunn & Crutcher LLP, New York (Orin Snyder of counsel), for Josh Koplewicz, Thayer Street Partners Management, LLC and Gary Hopkinson, respondents-appellants.
Zukerman Gore Brandeis & Crossman, LLP, New York (Ashley Dale of counsel), for Eastmore Management, LLC, respondent-appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about August 19, 2020, which, to the extent appealed from, granted defendants' motions to dismiss plaintiff's claims for promissory estoppel, breach of fiduciary duty, minority oppression, misappropriation of trade secrets, and unjust enrichment, and denied their motions to dismiss the breach of contract claim, unanimously modified, on the law, to reinstate the unjust enrichment and promissory estoppel claims, and otherwise affirmed, without costs.
The amended verified complaint alleges that in 2018, plaintiff and defendants Thayer Street Partners Management, LLC (Thayer Street) and Eastmore Managements, LLC (Eastmore), orally agreed to form a partnership business venture focused on acquiring and managing cannabis safety testing laboratories across the country, including a company identified by plaintiff. Specifically, they agreed to contribute their unique skills as entrepreneurs and investment professionals in exchange for a one-third ownership interest in the partnership.
Defendants' motions to dismiss plaintiff's claim alleging breach of the partnership agreement were properly denied, as the complaint sufficiently alleges that plaintiff, Thayer Street, and Eastmore had an "essential understanding of what each party's contribution and potential exposure would be" in the partnership and agreed on equal equity distribution and to share profits and losses (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 298 [1st Dept 2003]). Under the circumstances here, the draft letter of intent written a year later does not conclusively show that the oral partnership agreement was not binding (see Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 658 [2d Dept 2019]). Nor is the partnership agreement, as alleged, dissolvable at will, since the complaint alleges a particular undertaking to acquire cannabis testing facilities, including one specifically identified by plaintiff, that could be accomplished at a future time (see Gelman v Buehler, 20 NY3d 534 [2013]; Partnership Law § 62[1][b]).
Since the terms of the partnership agreement were adequately alleged, plaintiff's promissory estoppel claim that it reasonably relied on the agreement to its detriment is also adequately pleaded (see Castellotti v Free, 138 AD3d 198, 204 [1st Dept 2016]).
With respect to the unjust enrichment claim, plaintiff alleges that the services it provided went beyond the mere negotiation of a business opportunity and, therefore, the claim is not precluded under the statute of frauds as embodied in General Obligations Law § 5-701(a)(10) (see JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 764-765 [2015]; Dorfman v Reffkin, 144 AD3d 10, 19 [1st Dept 2016]). These claims should not have been dismissed as duplicative because "where there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue, a plaintiff may proceed upon a [*2]theory of quasi contract as well as breach of contract, and will not be required to elect his or her remedies" (Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438-439 [1st Dept 2012] [internal quotation marks omitted]).
The causes of action for breach of fiduciary duty and minority oppression were properly dismissed as duplicative of the breach of contract claim (see William Kaufman Org. v Graham & James, 269 AD2d 171, 173 [1st Dept 2000]). The claim for misappropriation of trade secrets was also properly dismissed, since the complaint fails to adequately allege that plaintiff's "methods," which it willingly shared, were trade secrets (see Landmark Ventures, Inc. v Kreisberg & Maitland, LLP, 179 AD3d 492, 493 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021