Heijung Park v Nam Yong Kim (2022 NY Slip Op 02956)

Heijung Park v Nam Yong Kim

2022 NY Slip Op 02956

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 655212/18 Appeal No. 15863 Case No. 2021-00603 

[*1]Heijung Park, Individually and on Behalf of MA UWS New York, Inc., Plaintiff-Appellant,
v
Nam Yong Kim et al., Defendants-Respondents.

Kimm Law Firm, New York (Michael S. Kimm of counsel), for appellant.
Kim & Bae, P.C., New York (Joshua B. Sears of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 16, 2021, which denied plaintiff's motion to vacate a prior order that granted defendant Nam Yong Kim's motion to dismiss the amended complaint and for a default judgment on his counterclaim and awarded judgment of $200,000 in favor of defendant on his counterclaim, unanimously modified, on the law, to vacate the default judgment and deny the branch of the motion seeking to dismiss the breach of contract claim, and otherwise affirmed, without costs.
In support of her motion to vacate, plaintiff offered a reasonable excuse of law office failure supported by counsel's affirmation (CPLR 5015[a]; CPLR 2005). The supporting documentation indicates that plaintiff's counsel was short-staffed at the outset of the pandemic and believed that a reply to the counterclaims had been prepared and filed so that the motion for a default would be withdrawn, as he had withdrawn his previous motion to hold defendant in default before he answered. In light of the relatively short delay in the context of the pandemic, this was a sufficient excuse. Furthermore, the amended complaint verified by plaintiff sets forth a potentially meritorious defense on the merits to defendant's breach of contract counterclaim. In addition, defendant's counterclaim was not for a "sum certain," but for losses resulting from business failure, so that he was not entitled to entry of a money judgment without an inquest (CPLR 3215[a]; see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572 [1978]). Accordingly, the motion to vacate should be granted so that the parties' competing allegations concerning the reasons for the failure of their restaurant business can be litigated on the merits (see Chelli v Kelly Group, P.C., 63 AD3d 632 [1st Dept 2009]).
As for the motion to dismiss, plaintiff adequately alleges the elements of a breach of contract claim, which "include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Notably, plaintiff's complaint and defendant's counterclaim agree on the basic terms of their joint venture arrangement and the parties' respective roles in the venture, disagreeing only as to whether defendant agreed to pay plaintiff wages. Plaintiff adequately alleges that defendant abandoned the business and failed to fulfill his obligations under the agreement, leading to the business's failure (see CIP GP 2018, LLC v Koplewicz, 194 AD3d 639, 639-640 [1st Dept 2021]).
However, the allegations that defendant failed to fulfill his promises and exaggerated his qualifications fail to state a viable fraud claim (see Yablon v Stern, 161 AD3d 594 [1st Dept 2018]). Nor has plaintiff adequately pleaded that defendant was an employer within the meaning of the New York Labor Law (see Bonito v Avalon Partners, Inc., 106 AD3d 625, 626 [1st Dept [*2]2013]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022