**Casinathen v Terrascend USA Inc.**

2025 NY Slip Op 31008(U)

March 31, 2025

Supreme Court, New York County

Docket Number: Index No. 150366/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      HON. JUDY H. KIM                              PART                04

*Justice*

-------------------------------------------------------------------------X

DHARSHINI CASINATHEN,

                                  Plaintiff,

                    - v -

TERRASCEND USA INC.,

                                 Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150366/2022 |
| MOTION DATE | 10/02/2024 |
| MOTION SEQ. NO. | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48, 49, 53, 54, 55, 56, 62, 63, 64, 65

were read on this motion to                                 SEAL                        .

Upon the foregoing documents, defendant's motion to seal the documents uploaded under NYSCEF document numbers 44 and 48 is denied.

In this action for breach of contract, unlawful discrimination, and retaliation, plaintiff alleges that she was terminated from her position as defendant's Senior Vice President for Strategic Operations because of her gender and because she complained about sexual harassment and retaliation by a senior executive at the company (see NYSCEF Doc No. 1, complaint]). She further alleges that defendant refused to pay her severance benefits and equity to which she was entitled under the terms of her employment contract (*id.*).

In its Answer, defendant asserts counterclaims for breach of contract and a declaratory judgment that plaintiff is in breach of the Non-Competition, Non-Solicitation, and Confidentiality Agreement she executed upon being hired (the "Agreement"), based on allegations that soon after plaintiff's termination, she impermissibly emailed herself three internal documents which

**150366/2022   CASINATHEN, DHARSHINI vs. TERRASCEND USA INC.**                    **Page 1 of 4**
**Motion No.  002 002**

1 of 4

constituted "confidential information" as defined in that Agreement (NYSCEF Doc No. 25, answer).

Defendant has, in a separate motion not addressed here, moved for summary judgment on its declaratory judgment claim. In connection with that motion, defendant has filed the three documents plaintiff purportedly emailed in contravention of the Agreement (the "Material"). In this motion, defendant seeks to seal the Material, pursuant to 22 NYCRR 216.1, on the ground that it "contain[s] information regarding TerrAscend's business strategies, initiatives, and plans" and that "TerrAscend's legitimate interest in preserving the confidentiality of its business information outweighs the public's possible general curiosity in these proceedings" (NYSCEF Doc No. 46, Rauls Affirm. at ¶¶4, 10). Plaintiff opposes the motion.

For the reasons set forth below, defendant's motion is denied.

## DISCUSSION

22 NYCRR 216.1(a) provides:

"[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the ground thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties."

"A finding of 'good cause' presupposes that public access to the documents at issue will likely result in harm to a compelling interest of the movant" and "[t]he party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" (*Mosallem v Berenson*, 76 AD3d 345, 349 [1st Dept 2010] citing *Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] and *Danco Labs., Ltd. v Chem. Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000]).

150366/2022   CASINATHEN, DHARSHINI vs. TERRASCEND USA INC.
Motion No. 002 002

Page 2 of 4

2 of 4

Defendant has not met its burden here. While the Appellate Division, First Department has, "[i]n the business context … allowed for sealing where trade secrets are involved, or where the release of documents could threaten a business's competitive advantage" (*Mosallem*, 76 AD3d at 350-51 [internal citations omitted]), defendant has not established that the Material contains trade secrets as defined under state law (*see Landmark Ventures, Inc. v Kreisberg & Maitland, LLP*, 179 AD3d 492, 493 [1st Dept 2020] ["trade secrets" are "any formula, pattern, device or compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over competitors who do not know or use it"]) or substantiated its assertion that the Material includes confidential business strategies that would give a competitor an advantage with an affidavit from someone with personal knowledge (*see Mosallem v Berenson*, 76 AD3d 345, 350-51 [1st Dept 2010]). Given the absence of any evidence that this four-year-old Material will impact defendant's present-day business, its motion is denied (*see Mosallem v Berenson*, 76 AD3d 345, 350-51 [1st Dept 2010]; *see also Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 503 [2d Dept 2007] ["the Supreme Court struck a balance by refusing to seal documents containing GGCP financial information that could not compromise its current business strategies, i.e., information historical in nature"]). However, the Court notes that defendant's failure to carry its burden on this motion has no bearing on whether it will be able to establish that the Material constitutes "confidential information" under the Agreement on its motion for partial summary judgment.

Accordingly, it is

**ORDERED** that defendant's motion to seal is denied; and it is further

**ORDERED** that plaintiff shall serve a copy of this decision and order, with notice of entry, upon defendant as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of

**150366/2022   CASINATHEN, DHARSHINI vs. TERRASCEND USA INC.**
**Motion No.  002 002**

**Page 3 of 4**

3 of 4

the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website).

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **3/31/2025** | | |
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150366/2022   CASINATHEN, DHARSHINI vs. TERRASCEND USA INC.**
**Motion No.  002 002**

Page 4 of 4

4 of 4

[* 4]