Kelly v Muss Dev. (2025 NY Slip Op 50688(U))

[*1]

Kelly v Muss Dev.

2025 NY Slip Op 50688(U)

Decided on April 30, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through May 06, 2025; it will not be published in the printed Official Reports.

Decided on April 30, 2025
Supreme Court, Kings County

Alfred Kelly, et ano., Plaintiff(s)/Petitioner(s),

against
Muss Development, et ano., Defendant(s)/Respondent(s).

Index No. 371/2025

Aaron D. Maslow, J.

The Court has been presented with a proposed order to show cause containing a temporary restraining order, accompanied by an affidavit in support, an affidavit in support of notification, an affidavit of emergency, a Part 130 certification, a copy of 22 NYCRR 202.7 (f), and an instruction page regarding said rule provision.
The litigants seeking the requested relief are Alfred Kelly and Zondra Peters as pro se litigants. The persons against whom the relief is sought are Muss Development, Joseph McKillop, Mark Kostron, Danilo Gomez, and Caesar (last name unknown). A preprinted order to show cause form was utilized with certain blanks being filled in.
The relief sought is to obtain immediate restoration of full access to a terrace and return of personal property. The location of the terrace is not set forth. Neither is the property described. Further, the actions of the named individuals from whom relief is sought are not detailed.
The Court surmises that the litigants seeking relief are of the view that they have several causes of action, perhaps wrongful eviction and replevin, and are seeking provisional and permanent relief.
The problem with the papers submitted to the Court is that the application being made is in the nature of a motion outside of the framework of an action. There is no pending action in the within matter inasmuch as no summons and complaint or summons with notice were filed with the Clerk (see CPLR 304 [a]).[FN1]

"A motion is an application for an order. A motion on notice is made when a notice of [*2]the motion or an order to show cause is served." (CPLR 2211.) "A motion is an application for incidental relief in the course of litigation" (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C2211:3 [2020]). With certain limited exceptions not applicable here,[FN2]
a motion does not exist in a vacuum. "Since a motion is an application for an order, and an order is a piece of incidental relief within the framework of an action or special proceeding, it would be expected that all motions authorized by the CPLR would be housed within an action or special proceeding" (Connors, Prac Commentaries, CPLR C2211:8). Yet there is neither a summons and complaint nor a summons with notice, so the within papers cannot be considered as bringing on a motion incidental to an action. Insofar as the claims asserted herein are concerned, without an action there cannot be a viable motion.
"It is the primarily 'incidental' nature of the motion that distinguishes it from a special proceeding. A special proceeding is generally analogous to an action in that it usually seeks to vindicate a substantive right." (Connors, Prac Commentaries, CPLR C2211:3.) However, "a special proceeding may be used only when it is specifically authorized by law. CPLR 103(b) ('All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.') . . . (id.). The within request for relief is not a special proceeding. No statutory provision permitting bringing the within dispute to court as a special proceeding has been identified by the litigants filing the proposed order to show cause and accompanying papers.
An indicia of whether a legal matter is an action or a special proceeding impacts how the parties are identified. In an action, the parties bringing the dispute to court are identified as plaintiffs and those being sued are the defendants. In a special proceedings, the parties respectively are petitioners and respondents. The preprinted forms here have both versions of party identifiers but the litigants seeking the requested relief did not circle the applicable party titles or cross off the inapplicable ones.
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g., Brown v Lavine, 45 AD2d 753 [2d Dept 1974]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131 [A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]).
Accordingly, in the absence of either a summons and complaint or a summons with notice commencing this matter as an action, the Court is unable to consider the submitted order to show cause to the extent that it brings on a motion and temporary restraining order. Similarly, [*3]the Court is unable to consider the submitted order to show cause as a special proceeding inasmuch as no provision of statute under which the matter may be commenced as a special proceeding has been cited.
Based on the foregoing, the Court declines to sign the proposed order to cause.
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Alternatively, an action may be commenced with a summons and motion for summary judgment in lieu of complaint (see CPLR 3213).
Footnote 2:Among [the exceptions] are the application for disclosure from a person within the state for use in foreign litigation, CPLR 3102(e), the related procedure authorizing judicial aid for the service of papers upon local persons to aid foreign cases, CPLR 328(a), and the application for pre-action disclosure, CPLR 3102(c)" (Connors, Prac Commentaries, CPLR C2211:8).