Kelly v Muss Dev. (2025 NY Slip Op 51393(U))

[*1]

Kelly v Muss Dev.

2025 NY Slip Op 51393(U)

Decided on September 3, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 3, 2025
Supreme Court, Kings County

Alfred Kelly and ZONDRA PETERS, Plaintiffs,

against
Muss Development, JOSEPH McKILLOP, MARK KOSTRON, DANILO GOMEZ, and CAESER PERDOMO, Defendants.

Index No. 371/2025

Alfred Kelly, Plaintiff pro se.
Belkin Burden Goldman, LLP, New York City (Christina M. Browne of counsel), for defendants.
Robyn D. Kazatsky, Malvern, Pennsylvania, for Liffey Van Lines.

Aaron D. Maslow, J.

The following papers were used on this motion:
Plaintiff Alfred Kelly
Notice of motion, affidavit, Exhibits A-C [FN1]

Defendants
Affirmation, Exhibits 1-3
Upon the foregoing papers and having heard oral argument on the record, the within motion is determined as follows.
Background
This action has been the subject of two prior reported decisions of this court, the first one being dated April 30, 2025, and reported at 85 Misc 3d 1271(A), 2025 NY Slip Op 50688(U) (court declined to sign order to show cause, as motion must be incidental to action and, without summons and complaint or summons with notice, no action was commenced and, absent statutory authority, no special proceeding was commenced). The second one was dated May 15, 2025, and reported at 85 Misc 3d 1283(A), 2025 NY Slip Op 50778(U) (injunction allowing plaintiffs access to terrace for which their license was terminated for failure to pay fees was not warranted as they were not entitled to use it in perpetuity as building service or disability therapy and no irreparable harm was shown).
Plaintiffs Alfred Kelly and Zondra Peters are tenants of apartment 518 in the building located at 180 Franklin Avenue, Brooklyn, New York, pursuant to a lease dated January 1, 2018, which was thereafter renewed, the last time being on or about September 5, 2023. Non-party 180 Franklin LLC ("Owner") owns the building. Defendant Muss Development is the managing agent. In addition to leasing the Apartment, Plaintiff Alfred Kelly leased Terrace No.2 in the building ("Terrace") pursuant to a certain Private Terrace License Agreement Terrace #2 dated March 17, 2022, for a one-year term subject to termination upon the Plaintiffs' discretion with 30-days notice provided.
Defendant Muss Development, as an agent for Owner, terminated the Terrace License as of August 25, 2024, due to Plaintiff Kelly's failure to pay the monthly license fee due under the Terrace License. Termination was effectuated with the service of a termination letter dated August 20, 2024. Plaintiff Kelly returned the access cards and Owner had possession of the Terrace. However, Plaintiff Kelly failed to remove his and Plaintiff Peters' property. Months passed without Plaintiff Kelly moving his items off the Terrace and in March of 2025 Defendant Muss Development eventually made arrangements with non-party Liffey Van Lines ("Liffey") to remove and store Plaintiffs' property. Defendant Muss Development asserts that as of May 14, 2025, they are not in possession, nor do they control any of Plaintiffs' possessions.
Plaintiffs immediately commenced this action and moved by order to show cause for an order (1) restoring their access to the Terrace; (2) directing Defendants to return all personal property removed from the Terrace, and (3) enjoining and restraining Defendants from engaging in further acts of interference or retaliation during the pendency of the action. The Court granted Plaintiffs' motion in an order dated May 15, 2025, to the limited extent that Defendants were ordered to file affidavits as to whether they were in possession of any property of Plaintiffs that was removed from the Terrace and return any property in their possession, and Liffey, a non-party, was to return any property removed from the Terrace in their possession. The motion was otherwise denied.
On May 20, 2025, Defendants' counsel Christiana M. Browne submitted affidavits from [*2]Defendants Joseph J. McKillop, Mark Kostron, Danilo Gomez, and Caesar Perdomo in compliance with this Court's order, stating that they were not in possession of any property of Plaintiffs, including any property removed from the Terrace.
Defendants Muss Development attest, upon information and belief, that on May 20, 2025 and May 21, 2025, Liffey attempted to arrange for the delivery of Plaintiffs' property held in storage to Plaintiffs. However, Plaintiffs instructed Liffey to deliver all property to the common hallway in front of the Terrace, despite Plaintiffs having no right to use the common hallway to store their personal items.
On May 21, 2025, Defendant Joseph McKillop, General Counsel for Defendant Muss Development, informed Robert O'Donnell of Liffey via email that the Court's order did not require Muss Development to give Plaintiffs access to the hallways or Terrace to store property and that Liffey should coordinate with Plaintiffs to deliver all property to their apartment or another location directed by Plaintiffs. On the same day, Defendants' counsel Christina M. Browne responded on behalf of Defendants to the effect that Muss Development would not permit any of Plaintiffs' materials to be placed in the common areas of the building.
Plaintiff Alfred Kelly [FN2]
subsequently filed this motion (Mot. Seq. No. 6) to amend the complaint pursuant to CPLR 3025 (b) to add Christian Browne, Liffey Van, and Fred Ortiz, employee of Liffey, as defendants, for allegedly directly contributing to the conduct alleged in the complaint, i.e., the removal of Kelly and Peters' property, and what transpired afterwards.[FN3]

Discussion
Plaintiff Kelly argues that since the commencement of this action the plaintiffs have discovered additional information necessitating the joinder of Defendant's counsel Christina Browne, Liffey, and Liffey employee Fred Ortiz. They argue in their affidavit in support that (1) Christina M. Browne acted beyond her role as counsel by actively participating in conduct that facilitated or contributed to violations of the May 15, 2025 Court order, (2) Liffey was directly involved in the storage and alleged mismanagement of their property and (3) Fred Ortiz, as an employee or agent of Liffey, personally participated in the alleged mismanagement of Plaintiffs' property. Plaintiffs believe that these are necessary parties for a complete adjudication of this issue. Plaintiffs further argue there would be no prejudice to defendants as this matter is still in preliminary stages.
CPLR 3025(b) states:
A party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances. Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleadings.
This Court finds that it is evident from the facts presented in the papers on this motion and that Christiana M. Browne's relationship to Defendants Muss Development, Joseph McKillop, Mark Kostron, Danilo Gomez, Caeser Perdomo and the Plaintiffs' claims is strictly limited to her role as Defendants' counsel. Attorney Browne is not, and was never, in possession of Plaintiffs' property nor did she remove it from the Terrace. She is not an employee of Muss Development, nor does she maintain control of the Terrace or building in question. Defendants' counsel Christina M. Browne maintains no privity with Plaintiffs.
"[A]bsent fraud or other special circumstances, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client" (Levine v Graphic Scanning Corp., 87 AD2d 755, 755 [1st Dept 1982] [legal advice regarding stock shares]); see Landmark Ventures, Inc. v Kreisberg & Maitland, LLP, 179 AD3d 492 [1st Dept 2020] [attorney signing settlement on behalf of client not bound by it]; Pearce v Joint Bd. of Directors of Erie-Wyoming County Soil Conservation Dist., 153 AD3d 1635 [4th Dept 2017] [legal advice not to place warning signs near dam]; Benzemann v Citibank N.A., 149 AD3d 586 [1st Dept 2017] [acting on behalf of client, attorney placed restraint on bank account]). There is no fraud alleged by Plaintiffs. Neither are there special circumstances. As such there is no basis to add Christiana M. Browne, Defendant's counsel, as a party to the litigation.
Regarding Liffey and Fred Ortiz, while their actions may be more directly related to the property damage that Plaintiff alleges, Plaintiff Kelly's failure to include an amended copy of the complaint along with his motion papers gives rise to a reason to deny the motion not only as to them but in its entirety. New York courts have consistently denied motions to amend complaints where movants did not adhere to the provision in CPLR 3025 (b) stating, "Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing changes or additions to be made to the pleadings" (see Nossov v Hunter Mtn., 185 AD3d 948, 949 [2d Dept 2020]; Codrington v Wendell Terrace Owners Corp., 118 AD3d 844, 845 [2d Dept 2014]). In Nossov, the Second Department held that Plaintiff's motion to amend must be denied because, among other reasons, "he did not provide a copy of his proposed amended summons and complaint, and the proposed amendments were palpably insufficient or patently devoid of merit" (Nossov v Hunter Mtn., 185 AD3d at 949 [2d Dept 2020]). Similarly, here, Plaintiff Kelly did not provide a copy of the proposed amended summons and complaint.
Any amended complaint containing allegations against Christiana M. Browne would be patently devoid of merit. It is questionable whether a cause of action lies against Liffey and Fred Ortiz but, in any event, an amended complaint was not included by Plaintiff Kelly in his motion [*3]papers.
This Court stated in a prior decision in this case as follows:
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g., Brown v Lavine, 45 AD2d 753 [2d Dept 1974]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131 [A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). (Kelly v Muss Development, 85 Misc 3d 1271[A], 2025 NY Slip Op 50688[U] [Sup Ct, Kings County 2025].)
This apples all the more so here, where Plaintiff Kelly seeks to modify the complaint by interposing allegations regarding Liffey and Fred Ortiz without even serving them with a copy. Such practice cannot be countenanced.
Conclusion
Accordingly, it is hereby ORDERED that Plaintiff Alfred Kelly's motion to amend the complaint pursuant to CPLR 3025 (b) is DENIED.

Footnotes

Footnote 1:A purported reply of plaintiffs was received by the Motion Support Office on August 4, 2025, past the oral argument date of July 23, 2025, and is not considered (see Long Is. Jr. Soccer League v Back of the Net, Ltd., 85 AD3d 737 [2d Dept 2011]; Mosheyeva v Distefano, 288 AD2d 448 [2d Dept 2001]).

Footnote 2:While the motion purports to be from both plaintiffs, it was signed only by Plaintiff Alfred Kelly. As Mr. Kelly is not an attorney, it cannot be deemed to have been filed also on behalf of his wife, Plaintiff Zondra Peters.

Footnote 3:Motion Sequence No. 5, also filed by Plaintiff Alfred Kelly, was denied in an order dated July 23, 2025.