■ CHARLES BROWN, Appellant, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to article 78 of the CPLR *inter alia* to annul a deter-

mination of the respondent Commissioner of the Department of Social Services of the State of New York, dated June 18, 1973 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Department of Social Services of the City of New York, dated April 25, 1973, to reduce petitioner's public assistance grant, i.e., to deduct $25 twice each month until such deductions totaled $3,749, petitioner appeals from a judgment of the Supreme Court, Kings County, entered December 14, 1973, which dismissed the petition. Judgment reversed, on the law, without costs, and matter remitted to respondent Department of Social Services of the State of New York for further proceedings not inconsistent herewith. Appellant, a disabled veteran, received disability payments from the Veterans Administration (VA) while he was a recipient of aid to the disabled from the Department of Social Services of the City of New York (agency). The agency did not include appellant's disability income from the VA in calculating the payments he was entitled to receive. Accordingly, when the agency learned of the VA allowance, appellant was sent a notice of intent to reduce his public assistance so that the amount of previous overpayments could be recouped (i.e., the equivalent of the VA allowance). Appellant demanded and received a statutory fair hearing before the Department of Social Services of the State of New York (Department), at which he appeared and argued *pro se*. After a very brief hearing, the Department affirmed the agency's determination to recoup for overpayments previously made, finding, *inter alia*, that appellant had violated section 348.4 of the Regulations of the Department (18 NYCRR 348.4) which provides for recovery of payments where a recipient of public assistance "willfully withheld * * * information about his income or resources". Appellant commenced the instant proceeding, alleging that his defense to the charge of willfulness, i.e., that he was misinformed by an agency employee of the necessity to report his VA income, was presented to the hearing officer in a prehearing off-the-record conversation, which defense, due to his lack of familiarity with legal procedures, he thought was on the record. We are of the opinion that a fair and pragmatic disposition of the matter, and the interests of justice, mandate that a new hearing be held at which appellant shall be afforded a full opportunity to adequately present any defense. We note additionally that the respondent State Commissioner argued in his brief that the issue of recoupment was moot as the program under which appellant had received aid was terminated on January 1, 1974 and replaced by the Federally-run Supplementary Security Program (SSI) in which there are no provisions for recoupment of overpayments. In view of the above, the Department may desire to set aside its determination and thus obviate another fair hearing. Hopkins, Acting P. J., Latham, Shapiro, Brennan and Munder, JJ., concur. [76 Misc 2d 733.]