■ GLENDA L. BROOKS, Appellant, v INN AT SARATOGA ASSOCIATION, Doing Business as INN AT SARATOGA, Respondent.—Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered August 12, 1991 in Saratoga County, which granted defendant's motion to dismiss the action for failure to serve a complaint, and (2) from an order of said court, entered January 3, 1992 in Saratoga County, which denied plaintiff's motion for reconsideration.

We reject plaintiff's contention that Supreme Court erred in granting defendant's motion to dismiss the action based on her failure to timely serve a complaint (see, CPLR 3012 [b]). To avoid dismissal, plaintiff was required to demonstrate a reasonable excuse for the delay, here approximately four months, and make a prima facie showing of legal merit (see, *Corrado v Bendell*, 93 AD2d 876, *appeal dismissed* 60 NY2d 552). This plaintiff failed to do. Initially, we note that once the time to serve the complaint had expired, plaintiff was required to provide the court with a verified complaint or an affidavit of merit (see, *A & J Concrete Corp. v Arker*, 54 NY2d 870). Plaintiff did neither of these. Plaintiff failed to offer a satisfactory explanation for her failure to satisfy these requirements. Accordingly, the court did not err in granting defendant's motion on that basis (cf., *Sammons v Freer*, 99 AD2d 896, *affd* 62 NY2d 1018). In any event, plaintiff failed to offer a reasonable excuse for the delay. Although she contends that she was proceeding *pro se*, the record shows that she chose to proceed on that basis and never claimed that she had been unable to retain an attorney (cf., *Harp v Malyn*, 161 AD2d 929). A *pro se* litigant acquires no greater rights than those of any other litigant and cannot use such status to deprive defendant of the same rights as other defendants (see, *Davis v Mutual of Omaha Ins. Co.*, 167 AD2d 714).

Turning next to the denial of that aspect of plaintiff's motion seeking leave to renew, plaintiff was required to show new facts to support the motion or a justifiable excuse for her failure to have placed such facts before the court (see, *Matter of Barnes v State of New York*, 159 AD2d 753, *appeal dismissed* 76 NY2d 935). Plaintiff's motion was based primarily

on her claim that defense counsel had granted her an extension to serve the complaint. She submitted a letter she had purportedly written to defense counsel which stated in part that its purpose was to confirm the extension. As Supreme Court noted, however, the letter was available to plaintiff at the time of defendant's motion. In addition, she failed to provide an adequate excuse for failing to submit the letter at that time. Nor was a written stipulation to that effect made as required by CPLR 2104 and defense counsel denied ever agreeing to such an extension (see, Egan v Federated Dept. Stores, 108 AD2d 718). Plaintiff's further contentions in support of her motion also failed to establish a justifiable excuse for not having been previously submitted to the court.

Weiss, P. J., Mercure, Crew III, Casey and Harvey, JJ., concur. Ordered that the orders are affirmed, with costs.