■ STEPHEN P. DUFFEN, Respondent, v STATE OF NEW YORK, Appellant. [665 NYS2d 978] —Mercure, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered January 29, 1997, upon a decision of the court in favor of claimant.

Claimant, an inmate at a State correctional facility, commenced this action to recover for an ankle injury he allegedly sustained when he fell on the ground in the facility recreation yard. As relevant to this appeal, claimant's theory of liability against the State is founded upon the prison personnel's demonstrated delay in providing claimant with his prescribed medication, which claimant alleges caused him to become dizzy and fall. At trial, claimant called Kang Lee, the facility medical director, who testified that claimant's lack of medication "may or may not" have caused his dizziness. Following the liability phase of the bifurcated trial, the Court of Claims determined that the State was negligent in delaying claimant's medical treatment. Notably, the Court of Claims concluded that, as a *pro se* litigant, claimant could not be expected to obtain expert testimony with the same skill as counsel and also that, as an employee of the State directly involved in the incident, Lee "may naturally have wanted to minimize the effect of the lack of medication". Accordingly, the Court of Claims held that Lee's testimony was sufficient to demonstrate that claimant's injuries were proximately caused by the State's negligence in delaying medication. Following a trial on damages and an award in favor of claimant, the State brought the present appeal.

In our view, there is considerable merit to the State's contention that, in the absence of any competent expert opinion on the issue of proximate causation, the Court of Claims' decision in favor of claimant was not supported by legally sufficient evidence. We shall accordingly reverse the judgment in favor of claimant and dismiss the claim.

Whether the claim is considered to assert a cause of action sounding in negligence or one for malpractice, there cannot be serious doubt that the issue of "[w]hether and to what extent * * * medications contributed to claimant's condition is not a matter of common knowledge which a fact finder could decide in the absence of expert testimony" (*Armstrong v State of New York*, 214 AD2d 812, 813, *lv denied* 86 NY2d 702; *see, Sabatino v Albany Med. Ctr. Hosp.*, 187 AD2d 777). Furthermore, claimant's choice to proceed *pro se* had no effect on his burden to present legally competent evidence. Although courts will routinely afford *pro se* litigants some latitude (*see, Sloninski v Weston*, 232 AD2d 913, *lv denied* 89 NY2d 809; *Sabatino v Albany Med. Ctr. Hosp., supra*; *Moore v County of Rensselaer*,

156 AD2d 784), a *pro se* litigant "acquires no greater right than any other litigant" and will be held to the same standards of proof as those who are represented by counsel (*Roundtree v Singh*, 143 AD2d 995, 996; *see, Sloninski v Weston, supra*). Accordingly, we conclude that claimant was required to present competent expert evidence that the absence of medication contributed to his dizzy condition and ultimate fall.

Although no particular words need be uttered, an expert's opinion must be expressed in such a way that "it is 'reasonably apparent' that 'the [physician] intends to signify a probability supported by some rational basis'" rather than mere supposition or speculation (*Matott v Ward*, 48 NY2d 455, 461, quoting *Matter of Miller v National Cabinet Co.*, 8 NY2d 277, 282, *mot to amend remittitur granted* 8 NY2d 1025; *see, Matter of Cyr v Bero Constr. Corp.*, 75 AD2d 914, 915). Here, examining Lee's testimony in its entirety and taking into account that he was only minimally involved with claimant's medical history and based his opinion largely upon claimant's medical records (*see, Matter of Slade*, 106 AD2d 914, 915), we conclude that the opinion that, depending upon the patient and his condition at the particular time, skipping medicine for several days "may or may not" result in dizziness was too speculative to constitute competent expert proof of causation (*see, Gross v Friedman*, 138 AD2d 571, *affd* 73 NY2d 721).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and claim dismissed.