Connolly v Nina (2024 NY Slip Op 51045(U))

[*1]

Connolly v Nina

2024 NY Slip Op 51045(U)

Decided on August 13, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
Supreme Court, Kings County

Debrasue Connolly, Plaintiff,

against
Venessa Nina, Defendant.

Index No. 526/2024

Aaron D. Maslow, J.

The instant matter pertains to the custody of two dogs, Mary Alice and Henry. This Court conducted a hearing over the course of three days: July 5, 2024; July 12, 2024; and July 18, 2024.
The two parties to this matter appeared pro se. When the record was closed on July 18, 2024, decision was reserved.
Following this, Court staff has received telephone inquiries from the parties, predominantly from one of the parties who has been asking repeatedly whether the decision was issued yet and emphasizing her need to have possession of the dogs. Persistent contacting of Court staff will not expedite the Court's determination in this matter. The Court needs time to review the hearing transcripts and the exhibits admitted in evidence, and to conduct research.
Moreover, pro se parties are required to confirm to the standards of conduct applicable to attorneys in dealing with the Court. This includes the prohibition against making ex parte (without the other side present) communications to the Court inquiring when a decision will be forthcoming or underscoring the merits of one's position in the litigation.
Court Rules regarding judicial conduct include the following: "A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding, except: (a) Ex parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized. . ." (22 NYCRR § 100.3 [B] [6] [a]).
With respect to the Court's staff, the same Rules provide that "A judge shall require staff, court officials and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge. . ." (Id. § 100.3 [C] [2]).
Court employees' conduct is also subject to strictures of Court Rules. The following provisions are relevant to the instant situation:
Court employees shall not perform any function in a manner that improperly favors any litigant or attorney (id. § 50.1 [I] [E]).
Court employees shall not disclose any confidential information received in the course of their official duties, except as required in the performance of such duties. . . (id. § 50.1 [II] [D]).
What this all comes down to is that while pro se litigants might not be familiar with formal legal provisions governing their interactions with the Court and staff, their conduct must adhere to that which is required of attorneys. One of the foremost principles constraining an attorney during litigation, is that communications to the Court and staff not be utilized to gain an advantage. "These rules are in effect to avoid prejudice to one side because the other has 'the ear of the Court' " (People v Lester, 2002 NY Slip Op 40063[U] [Vill Ct, Nassau County 2002]). That is the underlying reason for proscriptions against making ex parte contact with the Court.
As for staff, it is recognized that one-sided law firm communications cannot be avoided if contact is necessary regarding appearances, adjournments, and other procedural details. For example, if an attorney is running behind schedule in an appearance before another judge, she will need to notify the Part Clerk of such by phone in order to avoid having her motion marked off the calendar.[FN1]
Another instance might be if an adjournment request was submitted and counsel has not received a response as of the day before the required appearance.[FN2]
However, [*2]once a matter is sub judice (being considered by the court), it behooves an attorney, and likewise a pro se litigant, to exercise restraint and wait for the outcome to be determined by the Court.
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g., Brown v Lavine, 45 AD2d 753 [2d Dept 1974]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131[A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]).
Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). Further, when the pro se's actions veer into the realm of transgressing ethical proscriptions, the Court must be emphatic in preventing repetition. Inasmuch as Court staff are not permitted to discuss the merits of cases, including after decision has been reserved, and cannot take time from other tasks in order to answer repetitious inquiries into whether a decision has been issued, this Court must enjoin both parties not to contact either chambers or the Part Clerk. Once a decision has been made in this matter, copies will be filed with the County Clerk and sent to the parties.
Court staff have been patient with the parties and have related to them how issuance of the Court's decision will be posted on eCourts, but they cannot acquiesce to entreaties from a party which implicate the merits of the case. Repeatedly querying Court staff for this purpose is inappropriate.
Accordingly, this Court ORDERS that neither party shall contact Court staff any further with respect to the determination to be eventually issued.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:IAS Part 2 Rules provide: "Conflicts on motion calendar date. Attorneys who must appear on a motion calendar date in other cases in Supreme Court — either at 360 Adams Street or at 320 Jay Street — must advise the Part Clerk of any conflict so that they can be accommodated, e.g., oral argument may take place out of turn or after Second Call. If an attorney who has answered "Ready" must leave the courtroom for another appearance in the Supreme Court, the Part Clerk must be so informed. Attorneys who leave the courtroom to attend to another matter should provide the Part Clerk with their cell phone number and the location of the other appearance (other Part or judge's name)." (IAS Part 2 Rules, Part II, Subpart C, § 7, 
https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml
[last accessed Aug. 13, 2024].)

Footnote 2:IAS Part 2 Rules provide: "Inquiries regarding stipulations of adjournment. Counsel are not to assume that an application for adjournment or a stipulation of adjournment will be approved. Inquiries as to whether an application for adjournment or a stipulation of adjournment has been approved shall be made to the Part Clerk per the rules for contacting the Court set forth herein, if counsel has not yet received a response or seen one on NYSCEF." (IAS Part 2 Rules, Part II, Subpart D, § 4, 
https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Aug. 13, 2024].)