Doe v Rodriguez (2024 NY Slip Op 51589(U))

[*1]

Doe v Rodriguez

2024 NY Slip Op 51589(U)

Decided on November 20, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 20, 2024
Supreme Court, Kings County

Jane Doe, JOHN DOE, RUNA ISLAM, JOSE FLORAN, LUIS RODRIGUEZ, Petitioners,

against
Enrique Ricky Rodriguez, CHRISTINA RODRIGUEZ, 591 KNICKERBOCKER AVE LLC, Respondents.[FN1]

Index No. 684/2024

Aaron D. Maslow, J.

The Court has been presented with a proposed order to show cause received at around 4:50 p.m. today, which seeks to halt a pending eviction tomorrow as per the orders and judgment of Kings County Housing Court in 591 Knickerbocker Avenue LLC v Louis Rodriguez, Index No. LT-319385-23/KI. The judgment is against Louis Rodriguez, Runa Islam a/k/a Runa Mercado, "John Doe," and "Jane Doe," at 591 Knickerbocker Avenue, Apt. 2L, Brooklyn, New York 11221. It is these four judgment respondents 
who are listed in the caption of the within proceeding [FN2]
in Supreme Court as Petitioners.[FN3]
The Housing Court judgment was entered on January 30, 2024. A May 20, 2024 order of Housing Court stayed eviction through June 30, 2024, to enable the judgment respondents "to vacate with dignity." Previously, on January 30, 2024, said respondents had defaulting in appearing in Housing Court, resulting in a decision/order having been issued in favor of the petitioner therein, 591 Knickerbocker Avenue [*2]LLC.
This matter was previously before this Court on September 20, 2024, when Petitioners' application, brought on by way of order to show cause and petition, was denied for reasons stated on the record.
Petitioners, through Runa Islam again as the affiant, now submit another order to show cause seeking relief as follows: "The right to fight for our family home, stop eviction notice[,] please provide time so that a lawyer is present." The Court construes this to mean that Petitioners again seek a preliminary injunction. In addition, the proposed order to show cause contains a temporary restraining order to stop the eviction and for time "to get our case together and find legal help." Alternatively, perhaps the Petitioners are making an application to reargue this Court's September 20, 2024 order denying them a preliminary injunction.
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g. Brown v Lavine, 45 AD2d 753 [2d Dept 1974] [new administrative hearing afforded pro se individual who erroneously thought pre-hearing off-the-record defense presented to hearing officer was on the record]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131[A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]).
"To obtain a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (Samaha v Brooklyn Bridge Park Corp., 230 AD3d 608, 610 [2d Dept 2024]; see CPLR 6312 [c]).
CPLR 6301 and 6313 (a) allow for the granting of a temporary restraining order pending the hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had. To be entitled to temporary injunctive relief, movant must show: (1) the likelihood of success on the merits; (2) irreparable injury absent granting the injunction; and (3) a balancing of the equities. (See W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981].)
"Here, since the plaintiffs failed to demonstrate a likelihood of success on the merits, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for a preliminary injunction staying the holdover proceeding (see Sarker v Das, 203 AD3d 973, 974 [2022]; Liberty Mut. Ins. Co. v Raia Med. Health, P.C., 140 AD3d 1029, 1031-1032 [2016])" (Cushing v Sanford Equities Corp., 223 AD3d 870, 871 [2d Dept 2024]). Petitioners failed to demonstrate a likelihood of success on the merits as no documentary evidence was submitted to support their claim of entitlement to remain in what they describe as the "family home."
Moreover, they did not establish a balancing of the equities in their favor. Since this matter was previously decided by the Court, they have had two months to assemble a proper set of papers to support their claim of entitlement to remain in the home. They have not presented [*3]this Court with such papers. Neither have they retained an attorney who might be able to assemble and submit such papers.
To the extent this application seeks to have the Court reconsider its determination of September 20, 2024, Petitioners have failed to comply with IAS Part 2 Rules, Part II, Subpart B, § 25, requiring that a transcript of the proceedings be submitted. Putting that aside due to the Petitioners' pro se status, the submitted affidavit fails to indicate how the Court erred on September 20, 2024, when it issued an order denying their application.
There has been no showing that the Housing Court erred in how it dealt with the underlying proceeding. This should have been included in the papers submitted in support of the proposed order to show cause because Petitioners ultimately seek to undo what transpired in that court.
Finally, the papers submitted have come from Petitioner Runa Islam. She executed the affidavit. The other Petitioners did not. Petitioner Islam is not an attorney. As such, she cannot represent the other Petitioners. For them to achieve a stay of being evicted, they would have had to represent themselves in the proceeding herein. In the absence of affidavits from them, they cannot be accorded relief.
Petitioners have failed to meet the standards of a likelihood of success on the merits and a balancing of the equities in their favor. Therefore, irreparable harm is academic.
While this Court empathizes with Petitioners in their endeavors to remain in their home, considering all of the above factors, the Court is constrained to decline to sign the proposed order to show cause.
Dated: Brooklyn, New York, November 20, 2024, ______ p.m.

Footnotes

Footnote 1:The caption set forth herein is taken from the application for an index number filed with the County Clerk on August 20, 2024.

Footnote 2:The Court refers to this as a proceeding since no summons and complaint was submitted, as frequently occurs when pro se individuals file template papers in Supreme Court, Kings County. As was done here, an order to show cause and petition commenced the matter. Thus, this Court also refers to the applicants herein as "Petitioners," not "Plaintiffs." This Court previously lamented that pro se litigants are provided with template forms which are completed, without their being aware of procedural requirements (see Moncion v Moncion, — Misc 3d —[A],2024 NY Slip Op 51513[U], *2 n 2 [Sup Ct, Kings County 2024]).

Footnote 3:. Jose Floran, listed in the caption in the application for an index number filed with the County Clerk, is not a judgment respondent in the Housing Court proceeding.