Connolly v Nina (2025 NY Slip Op 50272(U))

[*1]

Connolly v Nina

2025 NY Slip Op 50272(U)

Decided on March 3, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2025
Supreme Court, Kings County

Debrasue Connolly, Plaintiff,

against
Venessa Nina, Defendant.

Index No. 526/2024

Debrasue Connolly, plaintiff pro se.
Venessa Nina, defendant pro se.

Aaron D. Maslow, J.

The following papers were used on the motion: notice of motion, affidavit in support of Plaintiff, Part 130 certification, affidavit of service, decision, order and judgment of Oct. 15, 2024, additional papers.
Upon the foregoing papers, having heard oral argument via Microsoft Teams, and due deliberation having been had,[FN1]

It is hereby ORDERED as follows:
The motion by Plaintiff Debrasue Connolly seeking leave to reargue this Court's decision, order, and judgment dated October 15, 2024 (Connolly v Nina, 84 Misc 3d 1212[A], 2024 NY Slip Op 51422[U] [Sup Ct, Kings County 2024]), is granted. However, the Court adheres to its original determination:
IT IS HEREBY DECLARED, ORDERED and ADJUDGED that Plaintiff's motion for summary judgment is DENIED; Plaintiff's complaint (in the form of supporting papers) [*2]is dismissed; custody of Mary Alice and Henry, depicted hereinafter (defendant's exhibit G6), is awarded to Defendant; and, upon presentation of a copy of this Decision, Order, and Judgment, any governmental agency recording Mary Alice and Henry as being Plaintiff's dogs shall amend their records to reflect that Defendant is their legal guardian.
Motions for reargument are addressed to the sound discretion of the court (see D'Amico Constr., Inc. v Cow Bay Sprinkler Corp., 233 AD3d 1024 [2d Dept 2024]; Emigrant Bank v Kaufman, 223 AD3d 650 [2d Dept 2024]; US Bank N.A. v Cimino, 212 AD3d 683 [2d Dept 2023]; Christopulos v Christopulos, 209 AD3d 968 [2d Dept 2022]; LaSalle Bank N.A. v Lawrence, 186 AD3d 1507 [2d Dept 2020]). Although a movant seeking leave to reargue "may not have technically met the requirements for reargument, the granting of this relief is discretionary with the court in the interest of justice" (Ruggiero v Long Is. R.R., 161 AD2d 622, 622-623 [2d Dept 1990]).
Since the prior determination of the Court involved custody of Plaintiff's formerly owned dogs, Mary Alice and Henry, for whom Plaintiff exhibited a fondness, the Court afforded Plaintiff the opportunity to establish that the Court erred in awarding custody to Defendant.
In its prior determination in this matter, which concerned a dispute over who was entitled to retain the dogs Mary Alice and Henry, the Court considered the testimonial and documentary evidence submitted by the parties. Factors taken into account by the Court previously were the factual background; the law concerning pet ownership and custody; the competing claims; financial capacity; emotional bond, caregiving, and pet life; health and medical needs; and living environment. It was noted as follows:
To the extent that there was any discrepancy between the testimony of Plaintiff and that of Defendant, the Court resolves it in favor of Defendant. Plaintiff's lack of transparency regarding the times and under what circumstances Mary Alice and Henry had been taken in by Defendant undermined Plaintiff's credibility. Answering "No" to the question, "Are there periods of time that you spend on the beach or outside of your apartment?" (July 5, 2024 tr at 28, lines 1-3) was not really accurate, considering Plaintiff's hospitalizations. The Court also feels that Plaintiff could have been more forthcoming concerning the trip to Long Beach: why she toted the dogs out there instead of boarding them with Defendant, whose services she had used previously; why she did not go straight to her destination in Rockville Centre, considering that the dogs were with her; and why she took a chance of something happening to the dogs if she fell asleep. Further, Plaintiff did not satisfy the Court that her apartment was not as described by Defendant: unsanitary, with the dogs lying in urine and feces.
Defendant demonstrated a stronger ability to provide consistent care, immediate financial support, a stable living environment, and permanent, continuous companionship. That Mary Alice and Henry have enjoyed socializing with other dogs (and even with their fellow cat residents) and humans while under Defendant's care is a very strong consideration. Defendant's bond with the dogs, reinforced by her professional experience with animals, further supports the conclusion that it is in the best interests of Mary Alice and Henry to remain in her custody. We are approaching the one-year anniversary of the October 14, 2023 incident at Long Beach. Continuity is important in a pet's life (see Raymond, 264 AD2d at 341 [cat to remain where he lived, prospered, loved and was loved for four years]). Having resided with Defendant for a year straight by now, it [*3]would be cruel to uproot the dogs at this point. Although letters in support praised Plaintiff's devotion and care given to her pets, in light of Plaintiff's past absences, there is reasonable concern about the dogs' future well-being should they be sent back to her, and this Court will not subject Mary Alice and Henry to a filthy, urine- and feces-laden household.
Dogs are now treated as members of the family under modern, enlightened jurisprudence. Nudged by legislative advances regarding the treatment of pets, the status of dogs under the common law has evolved. They, no less than humans, deserve a safe, stable, stress-free home environment where they will not be subjected to being uprooted periodically. Defendant has and will continue to provide such an environment, in this Court's view. Plaintiff's ability to provide it is questionable. While the Court sympathizes with Plaintiff, who predictably will sustain an emotional loss from being cut off permanently from Mary Alice and Henry, said impact must be subordinated to the best interests of the dogs, especially since the law calls for the application of the "best for all concerned" standard (see id. [emphasis added]). In this case before the Court, Plaintiff's interests are outweighed by those of Mary Alice and Henry. The dogs will be well cared for by Defendant. It is in Mary Alice's and Henry's best interests that they remain in the care of Defendant.
The Court declines to consider separating the dogs as it may cause them distress after living together for so long. Shared custody or visitation is also not considered by the Court due to the hostility observed between the parties, principally by Plaintiff; this would inure to the detriment of the dogs. (Connolly v Nina, 84 Misc 3d 1212[A], 2024 NY Slip Op 51422[U], *5 [Sup Ct, Kings County 2024].)
In terms of whether this Court erred in arriving at its prior determination, Plaintiff did not persuade the Court that it did so. In fact, Plaintiff's demeanor at oral argument supports the findings of this Court when the matter was originally determined. During oral argument today, Plaintiff described the Court's decision as "evil" several times and at one point invoked Satan. This reinforces the Court's perspective that Plaintiff would not provide Mary Alice and Henry with a stable environment. In recalling the evidence adduced at the hearings previously held which culminated in the Court's prior determination, the Court now surmises that when Plaintiff went to sleep at the beach at Long Beach on October 14, 2023 — Henry being found somewhere else afterwards alone — Henry voluntarily left Plaintiff for greener pastures and was not necessarily dognapped. In other words, Henry very well could have voted with his paws to leave Plaintiff in light of how he was kept.
Further, this Court notes that Plaintiff did not comply with IAS Part 2 Rules (Part II, Subpart B, § 25) governing motions for reargument:
§ 25. Reargument or renewal. All motions for reargument or renewal shall include the following from the motion concerning which reargument or renewal is sought:
a. transcript of any previously held oral argument and any decision rendered from the bench,
b. any written decision,
c. order and/or judgment, and
d. complete set of the papers originally submitted by all parties. (See Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings [*4]County 2023].) (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml.)
Plaintiff failed to include the transcripts from the hearings held on July 5, July 12, and July 18, 2024 in her motion papers.[FN2]
She also failed to include a complete set of the papers originally submitted.
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g. Brown v Lavine, 45 AD2d 753 [2d Dept 1974] [new administrative hearing afforded pro se individual who erroneously thought pre-hearing off-the-record defense presented to hearing officer was on the record]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, [*5]49 Misc 3d 131[A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). As applied here, that means that Plaintiff was required to comply with this Part's Rules governing procedure before the Court.
Accordingly, as set forth above, while the Court granted leave to Plaintiff to reargue, it adheres to its determination of October 15, 2024.
IT IS HEREBY DECLARED, ORDERED and ADJUDGED that custody of Mary Alice and Henry shall remain with Defendant Venessa Nina and that the provisions of the October 15, 2024 decision, order, and judgment shall remain in effect.
E N T E R

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts of proceedings may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:While the Court ordered the transcripts for purposes of determining the matter previously, leading to the October 15, 2024 decision, order, and judgment, said transcripts have been filed away. The Court should not be put to the burden of locating them. It is the movant's burden to provide them to the Court to facilitate informed consideration of the motion for leave to reargue.