Rios v Rivera (2025 NY Slip Op 51084(U))

[*1]

Rios v Rivera

2025 NY Slip Op 51084(U)

Decided on July 10, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
Supreme Court, Kings County

Kevin Rios, Plaintiff,

against
Kathy Rivera, OCEAN VIEW THE CEMETERY BEAUTIFUL, INC. 
 D/B/A OCEAN VIEW CEMETERY, and CONEY ISLAND MEMORIAL CHAPEL, INC., Defendants.

Index No. 530774/2024

Goldberg, Miller & Rubin, P.C., New York City (Vito DiGiovanni of counsel), for plaintiff
Kathy Rivera, defendant pro se

Aaron D. Maslow, J.

The following papers were used on this motion:
Submitted by Defendant Rivera: notice of motion, affidavit in support, Part 130 certification, affirmation of service.
Submitted by Plaintiff: NYSCEF Document Number 42 (affirmation in opposition)
Also read by Court: NYSCEF Doc No. 10 (Rios affirmation)
Upon the foregoing papers, having heard oral argument on the record, and due deliberation having been had, the within motion is determined as follows.[FN1]
Background
In this action, Plaintiff Kevin Rios ("Plaintiff" or "Mr. Rios") alleges that Defendants Coney Island Memorial Chapel, Inc. and Ocean View — The Cemetery Beautiful, Inc. D/B/A Ocean View Cemetery each breached their contract with him by negligently deeding a double cemetery plot to Defendant Kathy Rivera ("Defendant Rivera" or "Ms. Rivera") who is now unlawfully withholding the deed purchased by Plaintiff.
Plaintiff and Defendant Rivera's mother, Joanne Montanez, began dating in 2006. They remained together until the time of Ms. Montanez's death on September 4, 2022. It is alleged that following Ms. Montanez's death, Plaintiff worked with Defendant chapel's employee Carmen Ramos to arrange funeral services while he allowed Ms. Rivera to choose the double burial plot. On the day of the burial, September 16, 2022, Mr. Rios and Ms. Rivera met with cemetery employee Mike Nucciarone, to make final arrangements. Mr. Rios alleges that Ms. Rivera instructed Mr. Nucciarone that the unused plot was to be for Mr. Rios and asked if he could prepare paperwork to that effect. However, Mr. Nucciarone informed them that the employee who would normally draft such paperwork was absent that day and that the paperwork would be mailed to Ms. Rivera once completed as specified.
On October 8, 2022, Mr. Rios spoke to another cemetery employee, identified as "Diane," regarding a headstone on the decedent's grave. When Diane requested the deed, Mr. Rios stated that he was unaware of any deed since he had never received one. Upon further inspection, Diane informed Mr. Rios that the deed had been put in Ms. Montanez's name with Kathy Rivera as next of kin. As such, the deed was sent to Ms. Rivera alone. When Mr. Rios complained, Diane allegedly apologized and stated there was nothing she could do but if she had been there on September 16, this never would have occurred.
Mr. Rios claims that after selecting the plot, Ms. Rivera confirmed it would be for both him and Ms. Montanez. He further alleges that Ms. Rivera repeatedly confirmed this arrangement with both him and Ms. Ramos before any payments were made. According to Mr. Rios, once Ms. Rivera received the paperwork, she refused to transfer it to him unless he agreed never to marry again, an ultimatum he declined. He also alleges that Ms. Rivera demanded he vacate his apartment within 20 days as a condition for delivering the documents, which he also refused. As of now, Mr. Rios states he has still not received any of the paperwork.
Defendant Ms. Rivera, on the other hand, alleges that the plot was purchased as a gift to her mother, as evidenced by text messages Mr. Rios sent to Ms. Rivera. Additionally, she asserts that she opted for a double plot, not so Mr. Rios could be buried in the other grave, but because it was one of the only plots left in their specified price range. Additionally, she asserts that Mr. Rios was present during all discussions regarding the purchase of the grave and explicitly signed off on the deed being placed in the decedent's name. Therefore, through New York's inheritance [*2]law, she is the rightful owner of the grave. Ms. Rivera, who appears on a pro se basis, filed a notice of motion form which described the relief sought as "granting defendant Kathy Rivera to keep her mother's deed in accordance to state laws in being the rightful owner." In her Affidavit in Support, she requested an order for "Motion for Leave untimely matter" due to the "difficulty of obtaining legal services." As Ms. Rivera has submitted nothing further, the Court is unable to discern exactly what Ms. Rivera is seeking or the legal basis upon which she has made this request.
Plaintiff's affidavit in opposition requests that the Court deny Ms. Rivera's motion on the grounds that it lacks a legal basis. While Ms. Rivera alleges that this action is untimely, she has submitted nothing in support, citing to no statute or case law. As for the timeliness of the matter, Plaintiff points out that the statute of limitations for negligence and chattel recovery actions is three years. The statute of limitations for breach of contract is six years. As the events leading to the cause of action occurred in September of 2022, and this action was initiated on November 13, 2024, this action is timely.
Additionally, if Defendant Rivera is requesting leave of the court, Plaintiff argues this too should be denied. Ms. Rivera filed a pro se verified answer on April 18, 2025, and appeared on her own behalf in opposition to Plaintiff's order to show cause on February 7, 2025. It is Plaintiff's position that if Ms. Rivera is seeking a stay of proceedings to procure an attorney, this should be denied; she has had a while to do so. Plaintiff also alleges that Ms. Rivera told Mr. Rios that she would "weaponize and abuse the Court by continuously requesting leaves and adjournments until Plaintiff and his girlfriend run out of money to pay for an attorney for when time comes to argue the merits of the action" (NYSCEF Doc No. 42). Lastly, Plaintiff argues that Ms. Rivera's motion is premature. While it is unclear whether this is a motion to dismiss or a motion for summary judgment, Plaintiff believes it is premature in any case. As neither discovery nor depositions have occurred, it appears that Ms. Rivera is asking the Court to make a factual determination, which would be inappropriate at this time. Plaintiff urges the Court to deny Defendant Rivera's motion.

Discussion
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g. Brown v Lavine, 45 AD2d 753 [2d Dept 1974]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131 [A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). That means that Defendant Rivera is required to articulate a basis in law for granting her the relief she seeks.
As quoted above, the grounds for relief are stated in the notice of motion by Ms. Rivera as "granting defendant Kathy Rivera to keep her mother's deed in accordance to state laws in being the rightful owner." This Court finds that this fails to adequately convey the grounds for relief demanded (see CPLR 2214 [a]). The affidavit suffers from the same infirmity: "Motion for Leave untimely matter" due to the "difficulty of obtaining legal services." These statements are too ambiguous for this Court to grant Defendant Rivera leave of the court or to award her the deed to the grave as the rightful owner. There are issues of fact regarding the ownership of the grave and whether this plot was purchased by Mr. Rios as a gift. While Ms. Rivera asserts that she has text messages to prove the plot was purchased as a gift, they will have to be exchanged during discovery. Neither is there a citation from Ms. Rivera to any CPLR provision, case law, or other authority setting forth the legal authority underpinning her motion. Moreover, if Defendant Rivera is merely requesting a stay of the Court to find legal representation,[FN2]
this necessarily must be denied as Plaintiff was improperly served the notice of this motion as set out by CPLR 2214 (a), which commands, "A notice of motion shall specify . . . the relief demanded and the grounds therefor." Where a motion fails to meet the standards of CPLR 2214 (a), even when made by a pro se litigant, it must be denied (see Abizadeh v Abizadeh, 159 AD3d 856, 857 [2d Dept 2018] ["a court is not required to comb through a litigant's papers to find information that is required to be set forth in the notice of motion"]; Renaud v Renaud, 79 Misc 3d 1237[A], 2023 NY Slip Op 50824[U] [Sup Ct, Kings County 2023] [motion must be denied where plaintiff offered no legal and factual basis for relief sought and grounds therefore]).

Conclusion
Accordingly, it is hereby ORDERED that Defendant Kathy Rivera's motion seeking relief, stated as "granting defendant Kathy Rivera to keep her mother's deed in accordance to state laws in being the rightful owner," is DENIED.

Footnotes

Footnote 1:The parties are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:While the action will not be stayed for the purpose of enabling Defendant Rivera to procure counsel, she is free at any time to retain an attorney and, if she does so, the attorney shall file a notice of appearance as required.