Litchmore v Pettis (2025 NY Slip Op 51672(U))

[*1]

Litchmore v Pettis

2025 NY Slip Op 51672(U)

Decided on October 20, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 20, 2025

Supreme Court, Kings County

Barton Elleston Litchmore, et al., Plaintiffs,

against

Marilyn Marie Pettis, et al., Defendants.

Index No. 512/2025

Florence Litchmore-Smith, plaintiff pro se.

Borchert & LaSpina, P.C., Whitestone (Gregory M. LaSpina of counsel), for defendant Dominic J. Famulari.

Dominic J. Formulari, defendant.

Law Offices of Alan J. Waintraub PLLC, Kew Gardens (Alan Waintraub of counsel), pro se and for defendants Jemcap Funding LLC, Montrose Equity Partners LLC, Bradley Marsh, Peter Marsh, Jennifer Forte, Shaya Retek, and Nissan Shapiro.

Matthew Goldberg, defendant pro se.

Aaron D. Maslow, J.

The following papers were used on these motion: summons and complaint, RJI, affidavit of note of issues, amended affidavit of note of issues, notice of appearance, affidavit of service, notice of motion to dismiss and exhibits, affidavit of service, notice; notice of motion to dismiss and exhibits.[FN1]

Upon the foregoing papers, having heard oral argument,[FN2]
and due deliberation having been had, the within motions to dismiss the summons and complaint are determined as follows. The motions to dismiss are made by Defendant Dominic Famulari (MS #3) and by Defendant Alan Waintraub, who also represents other defendants (MS #2).

The instant action was commenced by a pro se plaintiff, Florence F. Litchmore-Smith, who designated eight plaintiffs and 22 defendants in the caption.[FN3]
Some parties are listed as "deceased." In what was entitled an "affidavit note of issues," Ms. Litchmore-Smith appears to accuse numerous people of improprieties regarding one or more foreclosures of mortgages on properties in which she or someone else may have possessed an interest. There is a "summons," consisting of 129 pages of assertions and documents. An "affidavit note of issues" is presumably the complaint; there is no document entitled "complaint." Between these two documents, without one being able to comprehend what is really being alleged, the plaintiff bandied about the terms "confrontation with criminals," "altercations," "identity theft," "fraud," "falsification of documents," "falsification of financial statements," "loss of usage of the real estate properties," "violation of court duties for judges," "suck out the equity," "fake mortgage loan," "suspicious batched-together mortgage note," "hand-picked referee for foreclosure and Sale," "without merit," "for no lawful purpose," "no judge have any judicial authority to court order a false claim-amount-and-false-claimants," "no judge have a right to waive criminal charges against any individual," "obstruction of justice," "illegally locked me out," "remove all my belongings," and "racketeering events of influencing corruption organized by court judges and court referee."

Frankly, the allegations of Ms. Litchmore-Smith are incomprehensible as they consist of ramblings in statements which are grammatically and syntactically incorrect, lack proper punctuation, and contain numerous run-on sentences. The named defendants include a court-appointed referee who sold properties at auction (a movant herein), attorneys, a notary public, a court part clerk, a New York City marshal, a judge, and various business entities.

At oral argument, Plaintiff Litchmore-Smith requested that the Court recuse itself since she claimed to have sued the Court in federal court. The Court denied the application. The Court is unaware of being sued in federal court by Plaintiff. The Court has no direct, personal, substantial, or pecuniary interest in the within matter, no relative is involved, and there is no conflict of interest. Moreover, it has been held:

The mother's contention that the trial judge abused his discretion in declining to recuse himself from the matter is without merit. Under Judiciary Law § 14, "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he [or she] is a party, or in which he [or she] has been attorney or counsel, or in which he [or she] is interested, or if he [or she] is related by consanguinity or affinity to any party to the controversy within the sixth degree." "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (People v Alomar, 93 NY2d 239, 246 [1999] [citations omitted]). "Absent legal disqualification [under Judiciary Law § 14], . . . a trial judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (People v Regan, 192 AD3d 1393, 1394 [2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 959 [2021]; see Matter of Barney v Van Auken, 97 AD3d 959, 960 [2012], lv [*2]denied 20 NY3d 856 [2013]; Matter of Kelley v VanDee, 61 AD3d 1281, 1284 [2009]).

In support of her recusal motion, the mother posited that the trial judge would have difficulty remaining impartial due to the mother's vocal advocacy for Family Court reform, which included various writings in which she described the judge in a negative manner. The mother also noted that she had named the judge as a defendant in a federal lawsuit and claimed that his prior rulings against her demonstrated bias. These allegations do not establish a statutory basis for recusal under Judiciary Law § 14, and the record does not demonstrate that the trial judge had "a direct, personal, substantial . . . or pecuniary interest in the outcome of the custody litigation" (Matter of Khan v Dolly, 39 AD3d 649, 651 [2007]). The fact that the mother named the trial judge as a defendant in a federal lawsuit and discussed him in a negative manner in connection with her advocacy for Family Court reform does not establish a conflict of interest bearing on his ability to remain impartial (see Matter of Wilson v Brown, 162 AD3d 1054, 1056 [2018]; Matter of Khan v Dolly, 39 AD3d at 651; Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [1999]), and we are satisfied that the prior decisions of the trial judge regarding this family were grounded in the record and not in any bias against the mother. On this record, the trial judge did not improvidently exercise his discretion in declining to recuse himself (see Matter of Tamika B. v Pamela C., 187 AD3d 1332, 1334 [2020]; Matter of Kanya J. v Christopher K., 175 AD3d at 764; Matter of Kylene FF. v Thomas EE., 137 AD3d 1488, 1492 [2016]). (Matter of Patrick UU. V Frances VV., 200 AD3d 1156, 1160-1162 [3d Dept 2021].)

"Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013).

The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g. Brown v Lavine, 45 AD2d 753 [2d Dept 1974] [new administrative hearing afforded pro se individual who erroneously thought pre-hearing off-the-record defense presented to hearing officer was on the record]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131[A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). That means that a plaintiff is required to articulate a basis in law for granting her the relief she seeks.

Through the affirmation of Dominic J. Famulari, a court-appointed referee, who is moving for dismissal pursuant to CPLR 3211 (a) (7), one discerns that in a now-concluded action, Montrose Equity Partners LLC v Florence F. Litchmore-Smith, Index No. 508692/2018 (Sup Ct, Kings County), the plaintiff lost two properties located in Brooklyn: 168-170 Patchen Avenue and 127 Montrose Avenue. Plaintiff may be seeking return of the properties plus 60 billion dollars in damages. Beyond that, the allegations verge into a bizarre accumulation of [*3]grievances against numerous named defendants.

One thing is certain: Referee Famulari is immune from being sued by the plaintiff and there is a failure to state a cause of action against him. As held in D & G Constr. Dean Gonzalez, LLC v Scohn Enters., Inc., 216 AD3d 911, 913 [2d Dept 2023]), "The factual allegations against those defendants merely asserted conduct by Covello in his official capacity as the referee in the foreclosure action, a role for which he was entitled to protection under the doctrine of judicial immunity (see Lodichand v Kogut, 91 AD3d 608 [2012]). The complaint thus failed to state a cause of action against those defendants (see id.; Young v Campbell, 87 AD3d 692, 693 [2011])." A referee is "absolutely immune from liability for the alleged misconduct contained in the complaint (see, Arteaga v State of New York, 72 NY2d 212; Tarter v State of New York, 68 NY2d 511; Matter of Covillion v Town of New Windsor, 123 AD2d 763; Calderon v County of Westchester, 111 AD2d 208). Thus, dismissal of the complaint was proper." (Hallum v Rothberg, 146 AD2d 743 [2d Dept 1989].)

This Court could limit relief here solely to the movants. However, in light of the circumstances, whereby a rambling set of incomprehensible allegations is set forth in a complaint against a multitude of named defendants, this Court finds it appropriate to dismiss the "complaint" and the entire action. What has been submitted by the plaintiff fails to meet CPLR 3013's require that "statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

Obviously there is no valid cause of action against movant referee, the named judge, and the named notary public. A cause of action does not exist against anyone else either. The matters which purportedly are the subject of the within action, to extent they can be discerned from the Plaintiff's incomprehensible papers, were dealt with conclusively in actions bearing Index Nos. 508692/2017, 513501/2023, and 519/2024. This action is barred by res judicata and collateral estoppel.

It is noted that although the initiating document, the "summons," was filed on May 27, 2025, no affidavits of service on named parties were filed with the County Clerk. (Purported affidavits of service on non-party attorneys were filed.) More than 120 days have elapsed (see CPLR 306-b). It serves no purpose to have this action remain listed as active in the court system's records.

Public policy generally mandates free and open access to the courts (see Board of Educ. Of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 404 [1975].) Such right, however, is not unlimited and may be curtailed in appropriate instances. For example, a judge "has both the duty and the power to protect the courts, citizens and opposing parties from the deleterious impact of repetitive, unfounded pro se litigation" (Muka v New York State Bar Assn., 120 Misc 2d 897 (Sup Ct, Tompkins County 1983), quoting People v. Dunlap, 623 P2d 408, 410 [Colo 1981]).

"[A] litigious plaintiff pressing a frivolous claim can be extremely costly to the defendant and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose. Thus, when, as here, a litigant is abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation" (Sassower v Signorelli, 99 AD2d 358, 359 [2d Dept 1984]).

Not only has Plaintiff Florence Litchmore-Smith listed herself as a plaintiff herein, she has listed others and purports to represent them—including a deceased Barton Elleston [*4]Litchmore—which is contrary to law since she is not an attorney.

The matters concerning which Plaintiff refers were previously dealt with in the aforecited other court cases. This continuous stream of filings by her in various court actions, including those commenced by her, constitutes vexatious litigation (see Breytman v Pinnacle Group, 110 AD3d 754 [2d Dept 2013]). This Court ORDERS that the no Clerk of a trial court accept any filings from Plaintiff Florence Litchmore- regarding the subject foreclosed-upon premises in any action heretofore commenced or to be commenced in any trial court in this state without prior Supreme Court approval.

The instant papers filed by the plaintiff herein, Ms. Litchmore-Smith, do not comply with CPLR 3013 and, as submitted in an incomprehensible fashion, fail to state a cause of action; the matters herein are barred by res judicata and collateral estoppel; and moreover there is a lack of proof of service on the named parties. Accordingly, the within motions to dismiss are GRANTED. The Clerk is directed to enter judgment dismissing the summons and the "complaint," and to annotate its records that this action is dismissed.

 

Footnotes

Footnote 1:Some documents were viewed on the County Clerk's minutes website.

Footnote 2:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 3:Due to the confusing fashion in Plaintiff Litchmore-Smith listing parties, the Court's count may be off.